UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>E.R. INSURANCE ASSOCIATES, LLC, ROBBYN CANNATELLI, EDWARD D. CANNATELLI, INNOVATION GROUP OF SOUTH FLORIDA, INC., and DOES 1-10,<br><br>    Defendants. | Case No. 1:18-cv-03285<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, GEORGE MOORE, individually and on behalf of all others similarly situated, and by and through his attorneys, and for his class action Complaint against the Defendants, E.R. INSURANCE ASSOCIATES, LLC, ROBBYN CANNATELLI, EDWARD D. CANNATELLI, INNOVATION GROUP OF SOUTH FLORIDA, INC., and DOES 1-10, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully placing through its agent(s), sales, solicitation and/or other telemarketing calls to Plaintiff's telephone numbers, in violation of the TCPA and related regulations, specifically the National Do-Not-Call Registry and internal do-no-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to

himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. According to the Federal Communications Commission's website, accessed on May 6, 2018 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects home voice or personal wireless phone numbers. You can register your numbers on the national Do Not Call list by phone or on the Internet at no cost… Callers are prohibited from making telephone solicitations to any numbers on the Do Not Call list. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers. Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

4. This Court has general personal jurisdiction over Defendants because they are actively engaged in selling their products and services throughout Illinois and the United States.

5. This Court has specific personal jurisdiction over Defendants because they caused telephone calls at issue in this case to be placed to Plaintiff, who lives in Illinois, at a telephone number bearing an Illinois area code.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Plaintiff resides within the Northern District of Illinois.

## PARTIES

7. Plaintiff is an individual who was at all relevant times residing in the City of Carol Stream, County of DuPage, and State of Illinois.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

9. On information and belief, Defendant E.R. INSURANCE ASSOCIATES, LLC ("ERIA") is a limited liability company of the State of Florida, which is authorized to do business in Illinois, and whose principal place of business is located in Pompano Beach, Florida.

10. On information and belief, Defendant INNOVATION GROUP OF SOUTH FLORIDA, INC. ("IGSF") is a corporation of the State of Florida, which is authorized to do business in Illinois, and whose principal place of business is located in Deerfield Beach, Florida.

11. On information and belief, Defendant ROBBYN CANNATELLI is an individual who resides in the State of Florida, and who is an owner and/or Managing Member of Defendant ERIA.

12. On information and belief, Defendant EDWARD D. CANNATELLI is an individual who resides in the State of Florida, and who is an owner and/or Managing Member of Defendant ERIA.

13. On information and belief, at all times relevant hereto, Defendants were engaged in the marketing and sale of various insurance products and services.

14. Defendants are both a "person" as defined by 47 U.S.C. § 153(39).

15. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend his complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

16. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and

consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

17. On or about July 6, 2003, Plaintiff successfully registered his telephone number ending in -1188 with the National Do-Not-Call Registry.

18. On or about July 8, 2017, Plaintiff successfully registered his telephone number ending in -8035 with the National Do-Not-Call Registry

19. On or about July 26, 2017, Defendants began placing unsolicited telemarketing telephone calls to Plaintiff.

20. Plaintiff has not previously sought out Defendants' services, nor has Plaintiff attempted to retrieve information from Defendants about their services. Therefore, Plaintiff did not have an established business relationship with either Defendant, as defined under 16 C.F.R. § 310.4(b)(iii)(B)

21. From on or about July 26, 2017 through on or about October 5, 2017, Plaintiff received approximately 49 unsolicited telemarketing telephone calls from Defendants.

22. On or about August 8, 2017, Defendants placed one such unsolicited telemarketing telephone call to Plaintiff, who informed the caller that he did not wish to be contacted again.

23. On or about August 15, 2017, Defendants placed another unsolicited telemarketing telephone call to Plaintiff, who informed the caller that he did not wish to be contacted in the future.

24. Despite Plaintiff's requests, Defendants' unsolicited telemarketing telephone calls to Plaintiff continued.

25. The calls were a nuisance to Plaintiff.

26. On information and belief, Defendants Robbyn Cannatelli and Edward D. Cannatelli maintained control over each of the other Defendants' activities alleged herein and/or participated in the activities alleged herein.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "National Do-Not-Call Class") defined as follows:

> All residential telephone subscribers within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any 12-month period, within four years prior to the filing of the complaint.

28. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "Internal Do-Not-Call Class") defined as follows:

> All residential telephone subscribers within the United States who requested that Defendants not place calls to them for telemarketing purposes, who received at least one such call made by or on behalf of Defendants that promoted Defendants' products or services, more than 30 days after the date such request was made, and within four years prior to the filing of the complaint.

29. Defendants, their employees and agents are excluded from the National Do-Not-Call Class and the Internal Do-Not-Call Class. Plaintiff does not know the number of members in the Classes, but believes the National Do-Not-Call Class and Internal Do-Not-Call Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

30. The National Do-Not-Call Class and Internal Do-Not-Call Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the National Do-Not-Call Class and Internal Do-Not-Call Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that National Do-Not-Call Class and the Internal Do-Not-Call Class include hundreds, if not thousands of members. Plaintiff alleges that the Classes' members may be ascertained by the records maintained by Defendant.

31. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

32. There are questions of law and fact common to the National Do-Not-Call Class and the Internal Do-Not-Call Class affecting the parties to be represented. The questions of law and fact common to the Classes predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. Whether the Class members' telephone numbers were called by Defendants without Defendants having obtained prior express consent to place such calls;

    b. Whether the National Do-Not-Call Sub-Class members' telephone numbers were called by Defendants more than 30 days after they registered such numbers on the National Do-Not-Call Class registry;

    c.    Whether the Internal Do-Not-Call Sub-Class members' telephone numbers were called by Defendants more than 30 days after the date the members' requested their numbers be added to Defendants' internal do-not-call list;

    d.    Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the National Do-Not-Call Class members without proper consent; and

    e.    Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the Internal Do-Not-Call Class members without proper consent.

33.    As a residential telephone subscriber who received telephone calls, made by or on behalf of Defendants, without his consent, after his telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the National Do-Not-Call Class.

34.    As a residential telephone subscribers who received telephone calls, made by or on behalf of Defendants, without his consent, at least 30 days after her requested his telephone numbers be added to Defendants' internal do-not-call registry, within four years prior to the filing of this Complaint, Plaintiff is also asserting claims that are typical of the Internal Do-Not-Call Class.

35.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Classes.

36.    Plaintiff will fairly and adequately protect the interests of the members of the National Do-Not-Call Class and the Internal Do-Not-Call Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

37. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

38. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

39. Defendant has acted or refused to act in respect generally applicable to the National Do-Not-Call Class and the Internal Do-Not-Call Class, thereby making appropriate final and injunctive relief with regard to the members of Classes as a whole.

40. Defendant failed to comply with the requirements of the TCPA, including but not limited to 47 C.F.R. § 64.1200(c) and (d), as to the Class and the Sub-Class members with respect to the above-alleged transactions.

41. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her

telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

42. 47 C.F.R. § 64.1200(d) provides that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
> …
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

43. In multiple instances, Defendants called the National Do-Not-Call Class and Internal Do-Not-Call Class members without the members' prior express consent, and after the members registered with the federal government's Do-Not-Call list, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

44. In addition, on information and belief, Defendants have not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

45. The size and definition of the National Do-Not-Call Class and the Internal Do-Not-Call Class can be identified through Defendants' records and/or Defendants' agents' records.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 C.F.R. 64.1200(c)

46. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 45 above as if reiterated herein.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

48. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

49. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF TCPA
## 47 C.F.R. 64.1200(c)

50. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 49 above as if reiterated herein.

51. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

52. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

53. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT III
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 C.F.R. 64.1200(d)

54. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 53 above as if reiterated herein.

55. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(d).

56. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

57. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT IV
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 C.F.R. 64.1200(d)

58. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 57 above as if reiterated herein.

59. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(d).

60. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

61. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

   a. An order certifying the National Do-Not-Call Class, and the Internal Do-Not-Call Class, and appointing Plaintiff as Representative of the National Do-Not-Call Class, and the Internal Do-Not-Call Class;

   b. An order certifying the undersigned counsel as Counsel for the National Do-Not-Call Class, and the Internal Do-Not-Call Class;

   c. An order requiring Defendants, at their own cost, to notify all National Do-Not-Call Class and Internal Do-Not-Call Class members of the unlawful conduct herein;

   d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

    e.    Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

    f.    An order for injunctive relief prohibiting such conduct by Defendants in the future;

    g.    Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

    h.    Any other relief deemed just and proper by this Court.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

GEORGE MOORE

By:    /s/ David B. Levin
         Attorney for Plaintiff
         Illinois Attorney No. 6212141
         Law Offices of Todd M. Friedman, P.C.
         333 Skokie Blvd., Suite 103
         Northbrook, Illinois 60062
         Phone: (224) 218-0875
         Fax: (866) 633-0228
         dlevin@toddflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 8, a copy of the foregoing Plaintiff's Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff